IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL Y., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-24-1100-SM |
| | ) |
| FRANK BISIGNANO, | ) |
| COMMISSIONER | ) |
| OF SOCIAL SECURITY,[1] | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Daniel Y.[2] (Plaintiff), seeks judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to proceed before the undersigned for disposition. Docs. 7, 8; *see* 28 U.S.C. § 636(c).[3]

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing that the Administrative Law

---

[1]    Frank Bisignano became the Commissioner of the Social Security Administration on May 7, 2025. So the Court replaces him as Defendant in this matter. *See* Fed. R. Civ. P. 25(d).

[2]    The Court refers to Plaintiff by first name and last initial only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[3]    Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

Judge (ALJ) failed to properly consider Plaintiff's medically necessary cane. Doc. 11, at 5-15.

After careful review of the AR, the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

**I.     Administrative determination.**

   **A.     Disability standard.**

Plaintiff applied for disability benefits and supplemental security income under the Social Security Act. AR 10; *see* 42 U.S.C. §§ 401, *et seq.*, 1381, *et seq.*

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

**B.     Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

**C.     Relevant findings.**

    **1.     ALJ's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 11-21; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework). The ALJ found Plaintiff:

    (1)    had not engaged in substantial gainful activity since August 1, 2019, the alleged onset date;

    (2)    has the severe medically determinable impairments of degenerative disc disease and spondylosis of the lumbar spine, degenerative disc disease of the cervical spine, pituitary macroadenoma, fibromyalgia, peripheral

        neuropathy, bipolar disorder, anxiety disorder, and cognitive disorder;

(3)    had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)    had the residual functional capacity[4] (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with the following exceptions: he can occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally stoop, kneel, crouch, and crawl; he can never work around hazards, such as unprotected heights, moving mechanical parts, or performing commercial driving; he can understand, remember, and carry out simple instructions; he can perform routine tasks, but not at a production rate pace; he can make simple work-related decisions; he can have no contact with the public and can have only occasional interaction with coworkers; and he can respond appropriately to occasional, minor changes in a routine work environment;

(5)    could not perform any past relevant work;

(6)    was a younger individual with a limited education;

(7)    jobs exist in significant numbers in the national economy that Plaintiff can perform; namely Router, Dictionary of Occupational Titles (DICOT) 222.587-038; Price marker; DICOT 209-587-034; and Routing clerk; DICOT 222.687-022;

(8)    had not been under a disability from August 1, 2019 through March 4, 2024.

---

[4]   "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a).

AR 12-21.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Judicial review of the Commissioner's decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"); *Wall*, 561 F.3d at 1052 (explaining that "'[e]vidence is not

substantial if it is overwhelmed by other evidence in the record'" (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005))). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett,* 395 F.3d at 1172). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

**B.    The ALJ properly considered the medical documentation and necessity for Plaintiff's cane use, and substantial evidence supports the ALJ's decision.**

Plaintiff contends that the ALJ failed to properly consider the medical necessity of Plaintiff's cane. *See* Doc. 11, at 5-6 (citing SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996)). He contends that the ALJ ignored the opinions of Drs. Chaudhry and Varughese about Plaintiff's cane use, disregarded Plaintiff's testimony about his cane use, and neglected to ask questions of the vocational expert. As a result, the ALJ did not consider the medical necessity of his cane use, and the RFC lacks substantial evidence. *Id.* at 7-9, 14.

Social Security Ruling 96-9p provides that assistive devices such as canes and walkers will be found medically necessary when there is "medical documentation establishing the need for a hand-held device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7. And a prescription is not required for a hand-held assistive device to be medically necessary, only "medical documentation establishing the need for the device." *Staples v. Astrue*, 329 F. App'x 189, 191-92 (10th Cir. 2009).

Plaintiff points to the following to establish medical necessity:

7

- September 2020 urgent care visit for lumbar pain (reported at 10/10); he was "wheelchair bound" and was transported to the ER; he continued to report weakness in his lower extremities and falling; Doc. 11, at 7 (citing AR 1108, 1111, 1115).

- April 2021 consultative examination with Dr. S.A. Chaudhry where Plaintiff reported he could walk only about ten minutes with his cane before needing to sit; Dr. Chaudhry noted Plaintiff can "walk without a cane, but very limited distances," and that Plaintiff's gait was assisted by a cane; *id.* (citing AR 1337, 1272-80).

- "A few days later" neurologist Dr. Ajay Varughese noted obvious dysesthesia, that Plaintiff's gait was "reflective of mild neuropathy;" and later that year Dr. Varughese noted Plaintiff was "requiring his cane now"; *id.* at 8 (citing AR 1420, 1425-26, 1865).

- In 2022-23, Plaintiff continued to report severe pain in his neck, back, and lower extremities; he reported he needs a cane for ambulation "to help with weakness in his bilateral lower extremities"; *id.* (citing AR 1382-83, 1391-92, 1794, 2023 (2023)).

8

- At the February 2024 hearing, Plaintiff testified that his legs start tingling and his heels hurting after just a few minutes, and he uses his cane when he leaves his house; *id.* (citing AR 66-67).

The Commissioner counters that the ALJ noted Plaintiff's July 2021 visit with Dr. Chaudhry. Doc. 17, at 8. The ALJ observed Dr. Chaudhry's notes that Plaintiff could walk without a cane, (although "very limited distances"). Dr. Chaudhry's examination reflected Plaintiff exhibited normal reflexes and sensation and had no muscular wasting. *Id.* (citing AR 1272, 1274).

Then the Commissioner notes no observed cane use in the record until May 2023, during neurologist Dr. Farah Ahmed Tariq's examination. *Id.* at 9. There, Dr. Tariq noted some "giveaway weakness" in Plaintiff's legs secondary to pain, and that Plaintiff showed full motor strength in all extremities and normal sensation, reflexes, and coordination. *Id.* (citing AR 17, 1800).

Next, in September 2023, Plaintiff reported his cane use but denied any falls or loss of balance. *Id.* (citing AR 17, 2023). The Commissioner notes Dr. Tariq's review of Plaintiff's recent EMG testing, which showed no evidence of peripheral neuropathy or spinal radiculopathy. *Id.* And the Commissioner points to the ALJ's reference to an examination two weeks later with Dr.

9

Varughese that showed Plaintiff's normal gait and no motor weakness. *Id.* (citing AR 17, 2048).

At the hearing, Plaintiff's counsel inquired briefly about Plaintiff's cane use, noting there was no prescription in the record. AR 66. Plaintiff responded, "it helps me walk around and stuff like that." *Id.* And that he "ha[s] to take it with him" to attend events. *Id.* at 66-67. No other mention of Plaintiff's cane use arose during the hearing. *Cf. Payne v. Kijakazi*, No. CIV-22-889-STE, 2023 WL 8604182, at *3 (W.D. Okla. Dec. 12, 2023) (reversing and remanding in part because "[f]ollowing the representative's questioning, the ALJ did not further inquire regarding Plaintiff's use of assistive devices or the impact on his ability to walk or stand").

### 1. The doctors' statements as to walking ability and cane usage did not amount to medical opinions.

Plaintiff argues Dr. Chaudhry's and Dr. Varughese's statements amounted to medical opinions. Doc. 11, at 11-13.

Medical opinions are statements from medical sources "about what [the claimant] can still do despite [his] impairment[s] and whether [he has] one or more impairment-related limitations or restrictions . . . [in his] ability to perform physical demands of work activities, such as sitting, standing,

10

walking, lifting, carrying, pushing, pulling, or other physical functions." 20 C.F.R. § 404.1513(a)(2)(i) *see also* § 416.913(a)(2)(i)(A).

The Court agrees with the Commissioner that Dr. Chaudhry's statement was a clinical observation and not a medical opinion. *See* Doc. 17, at 13. He did not give any opinions as to whether Plaintiff had any particular impairment-related limitations or restrictions. Accordingly, the ALJ did not err in declining to provide a persuasiveness assessment regarding the treatment note. Instead, the ALJ was merely obligated to consider Dr. Chaudhry's statements along with the other evidence, which he did. *See* 20 C.F.R. §§ 404.1513(a); 416.913(a); *see also Staheli,* 84 F.4th at 906 (holding the statements were not medical opinions because they purported to address "the ultimate issue of disability" and "they did not provide evidence concerning [the claimant's] ability to perform the specific demands of work activities").

As to Plaintiff's October 2021 statements to Dr. Varughese and the doctor's note that Plaintiff is "requiring his cane now," these were made under the "History of Present Illness" section, which reflects a patient's self-reported subjective history. AR 1865. And, as the Commissioner observes, Dr. Varughese found Plaintiff had a normal gait and no motor weakness, despite acknowledging Plaintiff's reported cane use and reports of chronic pain

11

inhibiting his ability to walk. Doc. 17, at 12 (citing AR 1865, 1870-71). So the Court agrees the ALJ was not required to address this notation as a medical opinion. *See Norris v. Barnhart*, 197 F. App'x 771, 774 n.4 (10th Cir. 2006) (the ALJ is not required to address, as a medical opinion, claimant's "self-reported history of chronic back pain made worse by bending and stooping").

Plaintiff argues the ALJ "never cited or acknowledged Dr. Varughese's statement" as to Plaintiff "requiring" the use of a cane. Doc. 11, at 12. But the ALJ cited Dr. Varughese's objective findings and treatment notes covering several visits. *See* AR 17, 2048 (September 27, 2023, "Gait normal." "No weakness"); *see also id.* at 1973 (April 23, 2023, same); *id.* at 1956-57 (March 16, 2023, "Normal range of motion"); *id.* at 1936 (Dec. 13, 2022, "Positive for joint pain," "Negative for dizziness and focal weakness"). And the ALJ stated in her decision that she had carefully considered the entire record and all symptoms. AR 10, 19. Based on the record, the Court finds no reason not to take the ALJ at her word that she considered the evidence related to Plaintiff's cane usage. *See, e.g., Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("Yet, our general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter."); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)

("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").

### 2. The ALJ adequately considered the entire record when constructing the RFC.

Plaintiff also argues the ALJ failed to even acknowledge his testimony about cane usage. Doc. 11, at 10, 12. At the hearing and as his last question, Plaintiff's counsel asked him whether his cane use was "something [he] got to use to just make [him] feel a little more stable." AR 66. Plaintiff replied, "it helps me walk around and stuff like that," and that he "has to take it with [him]" when attending events. *Id.* at 66-67. The attorney had "nothing else on that." *Id.* at 67.

If a claimant is represented by counsel at the administrative hearing, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored," and the ALJ "may ordinarily require counsel to identify the issue or issues requiring further development." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). It was reasonable for the ALJ to rely on the statements from Plaintiff's counsel that no further questions were necessary. And, as above, the ALJ considered the entirety of the record.

13

As to Plaintiff's complaint that the ALJ failed to incorporate Plaintiff's cane use into a hypothetical question for the vocational expert, this amounts to an assertion that the ALJ was required to incorporate Plaintiff's cane use into the RFC determination. But the ALJ needed to incorporate the cane use into the RFC only if she found it was medically necessary. *Staples*, 329 F. App'x at 191-92, SSR 96-9p. And she did not.

Plaintiff's subjective statements make up the bulk of his support for his claim that his cane is medically necessary. But the ALJ addressed these statements when she discounted Plaintiff's consistency. AR 15. And the ALJ's limitation to light work accounted for his severe impairments. *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016) ("The ALJ accounted for this limitation by fashioning an RFC for light work, which involves only minimally strenuous activities, *see* 20 C.F.R. §§ 404.1567(b), 416.967(b)."). Plaintiff's arguments to the contrary seek to have the Court reweigh the evidence, which it cannot do. *Lax*, 489 F.3d at 1084. Substantial evidence supports the ALJ's decision.

### III.  Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 23rd day of June, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE